# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Estelle G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-0012-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Estelle G. ("Plaintiff") filed a Motion to Reconsider ("Motion") the Court's March 26, 2025 Memorandum Opinion and Order (the "March 26, 2025 Decision") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case. *See* ECF 18. Defendant did not respond to the motion. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY Plaintiff's Motion to Reconsider.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider its affirmance of an ALJ's decision under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

Plaintiff avers that the Court's March 26, 2025 Decision "contains manifest errors of both law and fact" with respect to its discussion of the ALJ's assessment of Plaintiff's CPP limitations. ECF 18, at 1. Plaintiff argues that the Court "misapplies controlling precedent and the applicable regulations regarding the use of post-date last insured ("DLI") evidence." Plaintiff argues that in

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on January 3, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, the Court substitutes Commissioner Bisignano as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Bird v. Commissioner*, the Fourth Circuit held that "post-DLI medical evidence is admissible and must be considered when it may support an inference that the impairment existed during the insured period." ECF 18, at 2 (citing 699 F.3d 337, 341 (4th Cir. 2012)). Plaintiff continues that this Court's opinion improperly fills in the ALJ's "silence" on post-DLI evidence even though the law is clear that "judicial review must be limited to the grounds invoked by the agency." ECF 18, at 2. For the reasons explained below, the Court disagrees with Plaintiff's characterization and arguments.

As the Court explained , "[t]o establish eligibility for Social Security disability benefits, a claimant must show that [they] became disabled before [their] DLI." March 26, 2025 Decision at 6 (quoting *Bird*, 699 F.3d at 340). In their decision, the ALJ noted that though

> [t]he record may suggest the presence of other possible impairments as well[, they find] that these are either (1) symptoms, not impairments; (2) encompassed by or redundant of the severe impairments already identified; (3) lack[ing] sufficient evidence to meet the durational requirement to be classified as severe impairments; (4) lack[ing] sufficient evidence of clinical signs or laboratory findings to be found medically determinable; (5) a slight abnormality or a combination of slight abnormalities that would have no more than minimal effect on [Plaintiff]'s ability to meet basic demands of work activity (*i.e.* are non-severe impairments); or, (6) a combination of multiple of these categories. Thus, any such indication is found to be not a severe impairment for the reasons described above.

*Id.*, at 7 (quoting Tr. 1293). The record referred to by the ALJ included the post-DLI medical evidence; Plaintiff insists that the ALJ erred in not assessing such evidence retrospectively. The Court found, however, that "the post-DLI evidence does not permit an inference of linkage with Plaintiff's pre-DLI condition[, thus] the ALJ did not err when they declined to consider the post-DLI evidence." ECF 16, at 8.

Plaintiff insists that the ALJ's conclusion was "plainly incorrect under binding Fourth Circuit precedent" in *Bird*, where "the court held that post-DLI medical evidence is admissible and must be considered when it may support an inference that the impairment existed during the insured period." ECF 18, at 2 (citing 699 F.3d at 341). While this proposition is correct in general, the argument that the impairments existed during the insured period must be presented by a claimant to the ALJ. *See Johnson v. Barnhart*, 434 F. 3d 650, 656 (4th Cir. 2005) (holding that where the claimant did not make the argument that the disabilities contained in the post-DLI assessment existed continuously and where there was no objective evidence that the impairments existed prior to the DLI, there is no merit in an argument that the ALJ did not give proper weight to the post-DLI assessments).

It is clear from the record that Plaintiff's disability claim was based on her mental impairments and did not rest on an argument that her post-DLI diagnosis of inflammatory arthritis existed continuously. Nor did the medical evidence provide any objective evidence that the condition existed before the DLI. *See* Tr. 1217 (Plaintiff's counsel testifying "Your Honor, I'm going to forgo any follow-up, based on the totality of the record, and just resting on the mental

health opinions and the opening argument"); *see generally* Tr. 801-851 (June 3, 2021 hearing, which lacks any mention of arthritis by Plaintiff). Without the requisite link between the post-DLI assessment and the disability, the ALJ is under no obligation to consider the new assessment retrospectively.

For those reasons, Plaintiff's position is unpersuasive. "Mere disagreement with [the] Court's interpretation and analysis of the facts pled is not an appropriate ground for reconsideration." *Elgalad v. N.Y.C. Dep't of Educ.*, No. VSB-17-4849, 2019 WL 4805669, at *4 (S.D.N.Y. Sept. 30, 2019). Although Plaintiff finds fault with the Court's interpretation of the administrative record, she fails to show that the Court patently misunderstood that record. *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (reconsideration "would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension," as well as a change in controlling law or facts). Her Motion therefore amounts to a request for the Court to "rethink what [it] had already thought through—rightly or wrongly," which is an improper basis for reconsideration. *Id.*

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 18, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge